Case 2:16-cv-01304-SJF-SIL   Document 1   Filed 03/14/16   Page 1 of 8 PageID #: 1

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 14 2016 ★
BROOKLYN OFFICE

**CV 16   1304**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CIVIL #

NI PING

        Plaintiff

Vs.

FEUERSTEIN, J.
LOCKE, M.J.

COMPLAINT

NO, 1 GREAT WALL OF FULTON 168,
ZHE WEI ZOU, WENDY WANG,
and MICHAEL CHEN

Non-jury trial

        Defendants

Plaintiff Ni Ping, by his attorney, Joseph LaCome, alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C., §§ 206, 207, and 216(b); New York Labor Law Article 19 §§ 633 and 652; New York Labor Law Article 6 et sec; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.2; 12NYCRR § 142-2.4: and 12 NYCRR § 137-1.7 to recover unpaid wages and overtime compensation owed to Plaintiff, who was formerly employed by Defendants No. 1 Great Wall of Fulton 168 ("Great Wall"), Zhe Wei Zou, Wendy Wang, and Michael Chen (collectively called the "Defendants").

2. Beginning prior to August, 2014, and continuing to at least, January 31, 2014, Defendants have failed to provide the statutory overtime hourly wage to its employees as required by federal and state law.

3. Under the direction of Great Wall's Chief Operating Officer and manager, Wendy Wang ("Wang") Defendants instituted this practice of depriving Plaintiff of overtime compensation for work as mandated by federal and state law.

4. Plaintiff has initiated this action seeking compensation that he was deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216 (b) and 28 U.S.C. 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 for the claims brought under the New York Labor Law.

6. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. § 255 (a)

7. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law 198(3).

## VENUE

8. Venue for this action in the Eastern District of New York under 28 U.S.C. § 139(b) is appropriate because the Defendants maintain their business operations in the Eastern District of New York.

## THE PARTIES

9. Plaintiff is an individual residing in the State of New York who has performed labor for the Defendants.

10. Upon information and belief, Defendant Great Wall is a business under the laws of the State of New York with a business address of 585 Fulton Avenue, Hempstead, NY 11550, and is engaged in the restaurant business.

2

11. Upon information and belief, Defendants Zou Wang, and Chen, are residents of New York and, at all relevant times were officers, and/or managers of Defendant Great Wall.

12. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

13. Upon information and belief, Defendants annual gross volume of sales is not less than $500,000.

## FACTS

14. Upon information and belief, beginning on or about July 31, 2014, Defendants employed Plaintiff to perform work in Defendants' business operations.

15. Upon information and belief, while working for the individual defendants at Great Wall Restaurant, Plaintiff typically worked from 11:00 A.M. to 11:30 P.M. three days per week and 11:00 A.M. to 12:00A.M. two days per week, and 12:00 P. M. to 11:30 P.M. on Sundays, with no break, for a total of 75 hours per week.

16. Upon information and belief, while working for Defendants, Plaintiff did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

17. Upon information and belief, Defendant Wang was the chief operating officer of Defendant Great Wall Restaurant, and a) had the power to hire and fire employees for those entities; b) supervised and controlled employee work schedules or conditions of employment for the restaurants; c) determined the rate and method of payment for Great Wall employees, and d) maintained employment records for the restaurant.

3

18. Upon information and belief, the individual Defendants are employers within the meaning of the FLSA.

19. Upon information and belief, the individual Defendants had complete control of the alleged activities of Umi Sushi which give rise to the claims brought herein.

20. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act, applicable New York State law, and the supporting regulations, by failing to maintain proper and complete payroll records.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA OVERTIME WAGE COMPENSATION

21. Plaintiff realleges and reincorporates by reference all of the allegations made in paragraphs 1-20

22. Pursuant to 29 U.S.C. 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

23. Upon information and belief, Defendants failed to pay the Plaintiff overtime wages at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

24. Upon information and belief, the failure of Defendants to pay Plaintiff his rightfully owed overtime compensation was willful.

25. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK OVERTIME COMPENSATION LAW

26. Plaintiff realleges and reincorporates by reference all of the allegations made in paragraphs 1-25

27. 12 NYCRR 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

28. New York Labor Law Article 19 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees."

29. Upon information and belief, the Plaintiff worked more than forty hours a week while working for Defendants. Upon information and belief, Defendants failed to pay the Plaintiff overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

30. Consequently, by failing to pay the Plaintiff overtime compensation for all hours worked in excess of forty (40) hours in any given week, Defendants violated New York Labor Law Article 19 663 and 12 NYCRR 142-2.2.

31. Upon information and belief, the failure of the Defendants to pay the Plaintiff his rightfully owed overtime compensation was willful.

32. By the foregoing reasons, Defendants have violated Labor Law Article 19 663 and 12 NYCRR 142-2.2 and are liable to the Plaintiff in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### FAILURE TO PAY WAGES

33. Plaintiff realleges and reincorporates by reference all of the allegations made in paragraphs 1-32

34. Pursuant to Article Six of the New York Labor Law, workers, such as the Plaintiff herein, are protected from wage underpayments and improper employment practices.

35. Great Wall is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 190(3) and the supporting New York State Department of Labor Regulations.

36. The individual defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (3) and the supporting New York State Department of Labor Regulations.

37. Plaintiff is an employee, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (2) and the supporting New York State Department of Labor Regulations.

38. Plaintiff's agreed upon wage rates and/or overtime compensation rates were within the meaning of New York Labor Law Article 6 190,191.

39. Pursuant to New York Labor Law Article 6 191 and the cases interpreting same, workers such as the Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

40. In failing to pay the Plaintiff his earned statutory wages and overtime compensation within the week such wages were due, Defendants violated New York Labor Law Article 6 191.

41. Pursuant to New York Labor Law Article 6 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiff herein, that is not otherwise authorized by law or by the employee.

42. By withholding wages and overtime payments for time worked in any given week from Plaintiff, or taking unauthorized deductions therefrom, pursuant to New York Labor Law Article 6 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff.

43. Upon information and belief, Defendants' failure to pay Plaintiff his earned wages and overtime compensation was willful.

44. By the foregoing reasons, Defendants have violated Labor Law Article 6 198 and are liable to the Plaintiffs in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the above cited Labor Law Sections; damages for the Plaintiff's unlawful termination in an amount to be determined; and such other and further relief as the Court may deem just and proper.

Respectfully submitted on 3/11/2016,

_/s/ Joseph LaCome_

Joseph LaCome, DC Bar # 995071
39-15 Main Street, Suite 318
Flushing, NY 11354
Ph. (718) 939-8880
Email: Lacomelaw@gmail.com