UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

NI PING,

                             Plaintiff,

    -against-

NO, 1 GREAT WALL OF FULTON 168,
ZHE WEI ZOU, WENDY WANG,
and MICHAEL CHEN,

                         Defendants.

-------------------------------------------------------------------------- x

**ANSWER WITH AFFIRMATIVE DEFENSES**

Index No.: 16-CV-1304 (SJF) (SIL)

**JURY TRIAL DEMANDED**

Defendants No 1 Great Wall of Fulton 168, Inc. ("Great Wall") s/h/a NO, 1 Great Wall of Fulton 168, Zhe Wei Zou ("Zou"), Jin Wen Wang ("Wang") s/h/a Wendy Wang, and Wei Xing Chen ("Chen") s/h/a Michael Chen (collectively, the "Defendants"), as and for their answer, state and allege as follows:

**NATURE OF THE ACTION**

1.  Paragraph 1 of the Complaint characterizes the relief that plaintiffs seeks in its Complaint, and the Court is respectfully referred to that Complaint for a full and accurate description of its contents. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.  Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.  Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.  Paragraph 4 of the Complaint characterizes the relief that plaintiffs seeks in its Complaint, and the Court is respectfully referred to that Complaint for a full and accurate description of its contents. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations set forth in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint.

6. The allegations set forth in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 6 of the Complaint.

7. The allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 7 of the Complaint.

## VENUE

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

## THE PARTIES

9. Defendants lack knowledge and information sufficient to form a belief as to the Plaintiff's state of residence, and on that basis, deny that allegation. Defendants admit that Plaintiff has previously performed labor for No 1 Great Wall of Fulton 168, Inc. Defendants deny each and every other allegation set forth in Paragraph 9 of the Complaint.

10. Defendants admit and aver that No 1 Great Wall of Fulton 168, Inc. is a corporation duly formed under the laws of the State of New York, and operates a restaurant located at 585 Fulton Avenue, Hempstead, NY 11550. Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit that at all relevant times, Defendants Zuo, Wang, and Chen were residents of the State of New York, but deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint.

## FACTS

14. Defendants admit that on or about July 31, 2014, Plaintiff began to perform work at the restaurant operated by Great Wall, but deny each and every other allegation set forth in Paragraph 14 of the Complaint.

15. Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendants deny each and every allegation set forth in Paragraph 16 of the Complaint.

17. Defendants deny that Wang was the CEO of Great Wall. The other allegations set forth in Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny each and every other allegation set forth in Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation set forth in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation set forth in Paragraph 20 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA OVERTIME WAGE COMPENSATION

21. Defendants incorporates its earlier responses to Paragraphs 1 to 20 as if set forth in full.

22. Paragraph 22 of the Complaint describes 29 U.S.C. 207, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation set forth in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation set forth in Paragraph 25 of the Complaint.

3

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME WAGE COMPENSATION

26. Defendants incorporates its earlier responses to Paragraphs 1 to 25 as if set forth in full.

27. Paragraph 27 of the Complaint describes 12 NYCRR 142-2.2, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint describes New York Labor Law Article 19 Section 663, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint.

29. Defendants admit that, from time to time, Plaintiff worked more than forty hours a week while working for Great Wall. Defendants deny each and every other allegation set forth in Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint.

32. Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

33. Defendants incorporates its earlier responses to Paragraphs 1 to 32 as if set forth in full.

34. Paragraph 34 of the Complaint describes and characterizes Article Six of the New York Labor Law, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

35. Defendants deny each and every allegation set forth in Paragraph 35 of the Complaint.

36. Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint.

37. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

38. Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint describes and characterizes New York Labor Law Article 6 Section 191, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.

40. Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint describes and characterizes New York Labor Law Article 6 Section 193, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendants deny each and every allegation set forth in Paragraph 42 of the Complaint.

43. Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

44. Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief may be granted, or for which the relief or recovery sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

46. At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

## THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

### FOURTH AFFIRMATIVE DEFENSE

48. The relief sought in the Complaint is barred, in whole or in part, because Plaintiff is estopped by his own conduct from claiming any damages or any relief against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

49. To the extent that any Plaintiff is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is not entitled to overtime compensation under the FLSA or under New York law pursuant to a Wage Order.

### SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff has been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

### SEVENTH AFFIRMATIVE DEFENSE

51. None of the Defendants are an "enterprise" within the meaning of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

52. Some or all of the Defendants are not "employers" within the meaning of the FLSA.

**WHEREFORE**, Defendants respectfully requests that the Plaintiff's Complaint be dismissed in all respects.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

Dated: New York, NY
     May 12, 2016

William W. Chuang, Esq.
Jakubowitz & Chuang LLP
325 Broadway, Suite 301
New York, NY 10007
Tel.:   (212) 898-3700
Attorney for the Defendants.

6