Defendants No 1 Great Wall of Fulton 168, Inc. ("Great Wall") s/h/a NO, 1 Great Wall of Fulton 168, Zhe Wei Zou ("Zou"), Jin Wen Wang ("Wang") s/h/a Wendy Wang, and Wei Xing Chen ("Chen") s/h/a Michael Chen (collectively, the "Defendants"), move for summary judgment that the Defendant restaurant is not a covered enterprise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Plaintiff is not a covered individual.

## I. INTRODUCTION

Plaintiff, a delivery person, alleges that Defendants have not complied with the requirements of the FLSA. To prevail at trial, Plaintiff must establish that he is covered by the FLSA by showing either that he was: (i) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"); or (ii) "engaged in commerce or in the production of goods for commerce" ("individual coverage"). 29 U.S.C. §§ 207(a)(1), 206(a). To establish enterprise coverage, Plaintiff must show that the restaurant does at least five hundred thousand dollars of business every year. Plaintiff has not alleged individual coverage in his complaint, which is just as well because he, as a delivery man who delivers to customers entirely within the state of New York, is not engaged in interstate commerce or in the production of goods for commerce.

Defendants have produced the restaurant's federal and state income tax returns and bank statements for the relevant time period. Plaintiff has been given an opportunity to conduct discovery relating to FLSA coverage. He has produced only undated records from a few weeks in 2016. He will not be able to establish his coverage under the FLSA. For that reason, Plaintiff's claims under the FLSA should be dismissed, and the Court should decline to exercise jurisdiction over Plaintiff's state law claims.

2

## II.     FACTS.

Defendant Great Wall is a small restaurant that occupies approximately 900 square feet in Hempstead, NY. (Wang Decl. ¶ 4[1]; Chen Decl. ¶ 5[2].) It has three tables, about eight seats, and does not have a publicly-accessible restroom. (Id.) The restaurant is located in a bad neighborhood. (Chen Decl. ¶ 5.) About two or three years ago, a man was shot in front of the restaurant. (Id.) On another occasion, a stray bullet hit the wall in front of Defendant Wang as she was cooking. (Id.) The bullet dropped into the wok she was using. (Id.)

This is not an eat-in restaurant. Rather, Great Wall's business consists largely of delivery orders to students of nearby Hofstra University and other young adults in the neighborhood. (Wang Decl. 8; Chen Decl. 5, 7.) As a result, the business is strongly seasonal, with business slowing down during the summer when the university is not in session, and picking up when classes resume in the fall. (Wang Decl. 9.) Business is especially good around winter, when the customers, being mostly college students, do not want to brave the cold weather to get food. (Wang Decl. 10.) In fact, during the winter, Great Wall institutes a ten-dollar minimum order for deliveries. (Wang Decl. 10; Chen Decl. 5.) At any one time, Great Wall employs about three or four full-time employees (including the individual defendants), with one or two part-time, seasonal workers during the busier winter season. (Wang Decl. 11.)

Plaintiff worked as a delivery person for the restaurant from approximately August, 2014 to January, 2016. (Wang Decl. ¶ 6; Chen Decl. ¶ 6.) He has never left the State of New York while delivering food for the restaurant. (Wang Decl. ¶ 7; Chen Decl. ¶ 6.) He brings this action on his own behalf, and does not seek class action status.

---

[1] Wang Decl. ¶ ___ refers to the Declaration of Jin Wen Wang In Support dated January 12, 2017.
[2] Chen Decl. ¶ ___ refers to the Declaration of Wei Xing Chen In Support dated January 12, 2017.

### III. ARGUMENT

#### A. Legal Standard.

To prevail on summary judgment, Defendants must demonstrate that "there is no genuine dispute as to any material fact," and, thus, that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As Plaintiff has the "burden of proof at trial," the Defendants' ability to satisfy this standard as to any "essential element" of that claim "necessarily renders all other facts immaterial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and entitles them to summary judgment.

On summary judgment, Defendants have the initial burden to show the absence of a genuine dispute over facts relevant to plaintiff's claim that would allow a reasonable jury to return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As Plaintiff has the burden of proof at trial, Defendants may make their *prima facie* showing of entitlement to summary judgment by either pointing to evidence that negates the Plaintiff's claim, or identifying those portions of Plaintiff's evidence that demonstrate the absence of a genuine issue of material fact. *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006).

If Defendants make this showing in either manner, the burden shifts to Plaintiff to point to record evidence creating a genuine issue of material fact. Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Plaintiff cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry his burden on summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. In order to defeat a motion for summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts ... He must come forward with specific facts showing that there is a genuine issue

for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita*, 475 U.S. at 586-87). Plaintiff cannot merely argue that the jury might disbelieve the Defendants without offering concrete evidence from which a reasonable juror could return a verdict in the Plaintiff's favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

    **B.    Plaintiff Was Not A Covered Employee Under the FLSA.**

Plaintiff bears the burden of establishing coverage under the FLSA. *Benitez v. F & V Car Wash, Inc.*, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012). Plaintiff is subject to FLSA only where he is "employed in an enterprise engaged in commerce or in the production of goods for commerce" or if he himself is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96-97 (2d Cir. 2009) (per curiam) (same). Therefore, Plaintiff's failure to demonstrate an issue for trial on the issue of coverage under the FLSA, based on either the enterprise or individual theory, is a proper basis for dismissing his FLSA claim. *Celotex*, 477 U.S. at 322-23.

    i.    Defendant Great Wall is not an enterprise engaged in commerce or in the production of goods for commerce because its annual gross volume of sales made or business done is under $500,000.00.

To prove that he is the employee of an enterprise engaged in commerce or in the production of goods for commerce, Plaintiff must establish that Great Wall is an enterprise that "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A); *see also Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998). Plaintiff cannot carry this burden of proof.

Defendants offer evidence that negates the Plaintiff's claim that Great Wall is an enterprise within the meaning of the FLSA. Defendants' affidavits show that Great Wall is a

5

small takeout restaurant with about three tables, and that it does not make the required volume of gross sales. (Wang Decl. ¶¶ 4, 13-16; Chen Decl. 3.) Defendants support their affidavits with Great Wall's federal income tax returns showing that the restaurant grossed $140,335.00 in sales from the period starting from October 1, 2013 and ending on September 30, 2014, and grossed $215,240 in sales from the period starting October 1, 2014 to September 30, 2015. (The restaurant has a tax year starting from October 1 to September 30.) (Wang Decl. ¶ 13, Ex. A and B.) Defendants have also provided Great Wall's quarterly state income tax returns showing gross sales of $176,731.00 in the period from December 1, 2013 to November 30, 2014, and $211,275 in the period from December 1, 2014 to November 30, 2015. (Wang Decl. ¶ 14, Ex. C.) Lastly, the Defendants have provided bank statements for Great Wall's only bank account for the relevant time period. The banks statements reflect total deposits of $137,926.34 in 2014, total deposits of $170,601.49 in 2015, and total deposits of $77,255.98 for the first six months of 2016, which, when annualized, totals $154,511.96. (Wang Decl. ¶ 15, Ex. D, E, and F.)

Defendant's evidence justifies a *prima facie* entitlement to summary judgment that Great Wall is not a FLSA enterprise because it did not gross sales of over $500,000.00 for each year during the relevant time period. *See Li v. Zhao*, 35 F.Supp. 3d 300, 306 (E.D.N.Y. 2014) (defendant in FLSA case made prima facie showing of entitlement by providing tax returns and bank statements). Thus, the burden shifts to Plaintiff to provide concrete evidence from which a reasonable juror could return a verdict in the Plaintiff's favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

Plaintiff cannot carry his burden of proof. After having an opportunity to conduct discovery into FLSA coverage, Plaintiff has produced hundreds of pages of undated "Kitchen Checks" and a few dozen undated printouts from a calculator. (Chuang Decl. ¶ 2 and 3, Ex. A.)

6

During the court hearing held on December 14, 2016, Plaintiff's counsel represented that these slips were retained by Plaintiff during the last few weeks of his employment in early 2016. (Chuang Decl. ¶ 2.) These records are woefully insufficient for a reasonable juror to return a verdict in Plaintiff's favor that the restaurant grossed more than $500,000.00 in sales for both 2014 and 2015.

There is no genuine issue for trial regarding the restaurant's gross income for the relevant time period. Plaintiff has not produced any evidence regarding the restaurant's revenues in 2014 and 2015. Therefore, Defendants are entitled to summary judgment in their favor that there is no enterprise coverage under the FLSA.

    ii.    Plaintiff was not "engaged in the production of goods for commerce," nor was he otherwise "engaged in commerce."

Plaintiff's complaint does not allege individual coverage, and his time to amend his pleadings as of right has long expired. Fed. R. Civ. P. 15(a)(1). However, Plaintiff's counsel has insinuated that he would attempt to establish individual coverage. This attempt to plead a new basis for FLSA coverage is not only too late, but also without merit.

To demonstrate individual coverage, Plaintiff must show that he is engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206(a), 207(a)(1). For purposes of individual coverage, the plaintiff is an employee (i) "engaged in the production of goods for commerce," when he "handl[es] or otherwise work[s] on goods intended for shipment out of the State, directly or indirectly"; or (ii) otherwise "engaged in commerce," when he "perform[s] work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. §§ 779.103, 779.104.

7

Plaintiff is a delivery person who works entirely within the town of Hempstead. The Chinese food he delivers is promptly consumed by nearby customers who are within the State of New York. Plaintiff is not involved in handling or otherwise working on goods intended for shipment out of the state. Nor is Plaintiff's work as a delivery man involving or related to the movement of things among the several states. Therefore, Plaintiff cannot show an issue of fact for trial regarding individual coverage. *Li*, 35 F.Supp. 3d at 309 (delivery person not an individual covered under FLSA).

### C. Plaintiff's Pendant State Law Claims Should be Dismissed.

Plaintiff requests the Court to exercise supplemental jurisdiction over his pendent state law claims arising under the New York Labor Laws. As set forth above, Plaintiff cannot avoid summary judgment against his federal claims arising under the FLSA. In the "usual case in which all federal-law claims are eliminated before trial" the relevant factors of "judicial economy, convenience, fairness, and comity," which the district court should consider before declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), will "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

If the Court dismisses Plaintiff's FLSA claims, then it should decline to exercise supplemental jurisdiction over his state-law claims.

### IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion be granted in its entirety, and that the Court accordingly issue an order: (a) dismissing Plaintiff's claims arising under the FLSA with prejudice; (b) dismissing Plaintiff's state law claims without prejudice to re-filing in state court; and (c) directing that the parties bear their own costs and fees.

Dated: New York, NY
       January 13, 2017

*William W. Chuang*

William W. Chuang, Esq.
Jakubowitz & Chuang LLP
325 Broadway, Suite 301
New York, NY 10007
Tel.:   (212) 898-3700
Attorney for the Defendants.

9