UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NI PING,

                  Plaintiff,

   -against-

NO. 1 GREAT WALL OF FULTON 168, ZHE WEI ZOU, WENDY WANG, and MICHAEL CHEN,

                  Defendants.

----------------------------------------------------------------X

**OPINION AND ORDER**
16-cv-1304 (SJF)(SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 05 2017 ★
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

Plaintiff Ni Ping ("Plaintiff" or "Ping") commenced this action against Defendants No. 1 Great Wall of Fulton 168, Zhe Wei Zou, Wendy Wang, and Michael Chen (collectively, "Defendants"), seeking to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq. See* Docket Entry ("DE") [1]. Presently before the Court is Defendants' unopposed motion for summary judgment pursuant to Fed. R. Civ. P. 56. DE [22]. For the reasons set forth herein, Defendants' motion is granted.

**I. BACKGROUND**

Unless otherwise noted, the facts are drawn from Defendants' Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Defs.' 56.1 Stmt.").[1] DE [22].

---

[1] As Plaintiff has failed to oppose Defendants' motion for summary judgment or otherwise dispute the facts asserted in Defendants' Local Rule 56.1 Statement, Defendants' facts are accepted as undisputed where they are supported by the record. *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Taylor v. Ridley*, 904 F. Supp. 2d 222, 224 n.2 (E.D.N.Y. 2012) (drawing facts from the defendants' unopposed Local Rule 56.1 Statement, and declining "to conduct an independent assiduous review of the record") (internal quotation omitted).

1

A. **Factual Background**

Defendant No. 1 Great Wall of Fulton 168 ("Great Wall") is a take-out restaurant located at 585 Fulton Avenue, Hempstead, New York 11550. Defs.' 56.1 Stmt. ¶ 2. Great Wall has three (3) tables and approximately eight (8) seats, and it does not have a restroom that is available to its customers or the public. *Id.* at ¶ 3. At any given time, Great Wall employs approximately three (3) or four (4) employees, with one (1) or two (2) part-time, seasonal employees during the "busier winter season." *Id.* at ¶ 9. From approximately August 2014 until January 31, 2016, Plaintiff Ping worked as a delivery person for Great Wall. *Id.* at ¶¶ 1, 4. According to Plaintiff, while working as a delivery person for Great Wall, he typically worked "a total of 75 hours per week," but he "did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week." Compl., DE [1], ¶¶ 15-16.

As Great Wall is located within a five (5)-minute drive of Hofstra University in Hempstead, New York, its business "consists largely of delivery orders to Hofstra University students, and other young adults in the neighborhood." Defs.' 56.1 Stmt. ¶ 6. Accordingly, Great Wall's business "is strongly seasonal, with business slowing down during the summer [when] the university is not in session, and picking up when classes resume in the fall." *Id.* at ¶ 7. According to Defendants, "Great Wall's business is especially good around winter, when the customers, being mostly college students, do not want to brave the cold weather to get food." *Id.* at ¶ 8.

Defendants' federal income tax returns reveal that: (i) from October 1, 2013 through September 30, 2014, Great Wall had gross sales of one hundred and forty thousand, three hundred and thirty-five dollars ($140,335.00); and (ii) from October 1, 2014 through September 30, 2015, Great Wall had gross sales of two hundred and fifteen thousand, two hundred and forty dollars

($215,240.00). *Id.* at ¶ 11. Defendants' quarterly state income tax returns reveal that: (i) from December 1, 2013 through November 30, 2014, Great Wall had gross sales of one hundred and seventy-six thousand, seven hundred and thirty-one dollars ($176,731.00); and (ii) from December 1, 2014 through November 30, 2015, Great Wall had gross sales of two hundred and eleven thousand, two hundred and seventy-five dollars ($211,275.00). *Id.* at ¶ 12. Furthermore, bank statements from Great Wall's "only bank account reflect total deposits of $137,926.34 in 2014, total deposits of $170,601.49 in 2015, and total deposits of $77,255.98 for the first six months of 2016, which, when annualized, totals $154,511.96." *Id.* at ¶ 13. According to Defendants, "[t]he only documentary evidence Plaintiff produced to Defendants regarding coverage under the FLSA consisted of a few dozen undated printouts from a calculator and hundreds of pages of undated 'Kitchen Checks,'" which "Plaintiff collected . . . during the last few weeks of his employment in early 2016." *Id.* at ¶ 10. However, it is undisputed that "[a]t no time from 2014 to 2016 did Great Wall make gross sales of more than five hundred thousand dollars ($500,000.00) in a calendar year." *Id.* at ¶ 14.

### B. Procedural Background

By way of a March 14, 2016 Complaint, Ping commenced this action against Defendants, seeking to recover unpaid wages and overtime compensation pursuant to the FLSA and NYLL. Compl. ¶¶ 21-44. According to Plaintiff, Defendants violated the FLSA and NYLL by: (i) failing to pay overtime wages at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in a given week; and (ii) "withholding wages and overtime payments for time worked in any given week from Plaintiff, or taking unauthorized deductions therefrom . . . ." *Id.* at ¶¶ 23, 30, 42. Accordingly, Ping seeks to recover damages under the FLSA and NYLL for unpaid wages, liquidated damages, interest, and attorneys' fees and costs. DE [1]. In their

3

May 12, 2016 Answer to Plaintiff's Complaint, Defendants denied violating the FLSA or NYLL, and asserted various affirmative defenses, including, *inter alia*, that "[n]one of the Defendants are an 'enterprise' within the meaning of the FLSA." Ans., DE [10], ¶ 51.

On January 13, 2017, Defendants served the instant motion for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff. DE [21]. Defendants argue that they are entitled to judgment as a matter of law because Great Wall "is not a covered enterprise under the Fair Labor Standards Act . . . and Plaintiff is not a covered individual." *See* Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem."), DE [22], at 2. Defendants further argue that Plaintiff "will not be able to establish his coverage under the FLSA," and that "the Court should decline to exercise jurisdiction over Plaintiff's state law claims." *Id.* On February 23, 2017, Defendants filed the instant motion with the Court as well as a letter stating that "Plaintiff's counsel ha[d] neither served opposition papers nor sought an extension of time to respond." DE [22], [23]. Although Defendants provided proof that the instant motion was delivered to Plaintiff's counsel's office, *see* DE [23], to date, Plaintiff has not opposed Defendants' motion, and his time to do so has expired.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing that there are no material facts that preclude judgment as a matter of law. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to

4

eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In deciding a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). Even where a motion for summary judgment is unopposed, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). Therefore, the court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.* at 246.

### III. DISCUSSION

As disused above, Plaintiff asserts claims arising under the FLSA and NYLL. Compl. ¶¶ 21-44. Applying the standards outlined above, and for the reasons set forth herein, Defendants' motion for summary judgment is granted.

### A. <u>FLSA Claims</u>

Congress enacted the FLSA "to correct and eliminate conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 342 (E.D.N.Y. 2014) (quoting 29 U.S.C. §§ 202(a), (b)). Therefore, employees who fall within the scope of the FLSA are entitled to federal minimum wage and overtime protection. *See* 29 U.S.C. § 206 (establishing minimum wage protections); 29 U.S.C. § 207 (establishing overtime protections). An employee is covered under the FLSA, "and thus entitled to minimum wage and overtime for his efforts, where he is (i) 'engaged in commerce or in the production of goods for commerce' ('individual coverage'), or (ii) 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Li v. Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014) (quoting 29 U.S.C. §§ 206(a), 207(a)(1)); *see also Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. 2009) (observing that the categories of coverage under the FLSA "are commonly referred to as 'individual' and 'enterprise' coverage"). Plaintiff does not allege that he is entitled to individual coverage under the FLSA, but rather, he alleges that Defendants are subject to enterprise coverage under the FLSA because they: (i) "engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce"; and (ii) have an "annual gross volume of sales . . . not less than $500,000." Compl. ¶¶ 12-13.

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as a business that: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an

6

enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . . ." 29 U.S.C. § 203(s)(1)(A); *see also Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) ("An 'enterprise' is defined under the FSLA as the related activities performed by any person or persons for a common business purpose.") (internal quotation and alteration omitted). Therefore, where an entity's gross annual revenue does not exceed five hundred thousand dollars ($500,000.00), the entity is not subject to enterprise coverage under the FLSA. *See Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276, 291-92 (E.D.N.Y. 2007) (holding that the defendant was not subject to enterprise coverage under the FLSA where there was "no evidence in the record establishing that [the defendant's] business revenues exceeded $500,000 for the time period at issue"); *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300 (E.D.N.Y. 2009) ("Enterprise coverage applies when an employer, *inter alia*, grosses at least $500,000 in annual sales."). The plaintiff "bears the burden of establishing FLSA coverage to prove his employer's liability." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015).

Defendants are entitled to judgment as a matter of law with respect to Plaintiff's claims arising under the FLSA, as Great Wall's gross annual revenue never exceed five hundred thousand dollars ($500,000), and it is therefore not an entity subject to enterprise coverage under the FLSA. In support of their motion for summary judgment, Defendants submit their federal and New York state income tax returns, which reflect that Great Wall's gross annual revenue never exceeded five hundred thousand dollars ($500,000.00). *See* Declaration of Jin Wen Wang in Support of Defendants' Motion for Summary Judgment ("Wang Decl."), DE [22], at Exs. A-C. Defendants' federal tax returns are signed by Great Wall's President, Defendant Wang, who further affirms under the penalty of perjury that "[a]t no point from 2014 to 2016 did Great Wall make gross sales

7

of more than five hundred thousand dollars ($500,000.00) in a calendar year." *Id.* at ¶ 16, Exs. A-C.  Additionally, Defendants submit bank account statements from Great Wall's "only bank account," which similarly demonstrate total deposits of less than two hundred thousand dollars ($200,000.00) per year. *Id.* at Ex. D.  As Defendants' evidence is sufficient to establish that Great Wall's gross annual sales did not exceed five hundred thousand dollars ($500,000.00), and because Plaintiff has neither disputed the authenticity of Defendants' tax returns and bank account statements nor presented evidence demonstrating that Great Wall's gross annual revenue exceed five hundred thousand dollars ($500,000.00), Defendants are not subject to enterprise coverage under the FLSA.  *See Li*, 35 F. Supp. 3d at 307 (holding that the defendant's tax returns and bank statements were sufficient to demonstrate that "no evidence of an issue for trial relating to enterprise coverage" existed); *Kaur*, 643 F. Supp. 2d at 292 ("Because Plaintiffs have provided no evidence that [the defendant] conducted business of more than $500,000, [the defendant] does not qualify for enterprise coverage for the purposes of the FLSA."); *cf. Rocha*, 44 F. Supp. 3d at 348 (holding that the defendants failed to demonstrate that they were not subject to enterprise coverage under the FLSA where their tax returns were unsigned, and neither the tax preparer nor the business owner submitted an affidavit verifying their authenticity).  Therefore, Plaintiff has failed to demonstrate that Great Wall is an enterprise covered under the FLSA, and Defendants are entitled to judgment as a matter of law with respect to Plaintiff's claims for unpaid overtime wages arising under the FLSA.[2]

---

[2] Although "any employee engaged in commerce or in the production of goods for commerce is covered by the FLSA, irrespective of whether his or her employer is an enterprise engaged in commerce as statutorily defined," *Kaur*, 643 F. Supp. 2d at 292, as discussed herein, Plaintiff does not allege that he is entitled to individual coverage under the FLSA.  *See* Compl. ¶¶ 12-13.

8

### B. NYLL Claims

Pursuant to 28 U.S.C. § 1367, federal courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); *see also Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 381 (E.D.N.Y. 2011) ("Section 1367(a) grants supplemental jurisdiction to any related claim that arises out of the same case or controversy as the original claim granted subject-matter jurisdiction."). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 205 (2d Cir. 2003); *see also Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 435 (S.D.N.Y. 2016) (declining to retain supplemental jurisdiction over the plaintiff's claims arising under the NYLL where "all of Plaintiff's FLSA claims [had] been dismissed"). As Plaintiff's federal law claims arising under the FLSA have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims arising under the NYLL. Therefore, Plaintiff's claims arising under the NYLL are dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 is granted. The Clerk of the Court is directed to enter judgment in favor of Defendants and to close this case.

Dated: Central Islip, New York
April 5, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge