UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

NI PING,

                                       Plaintiff,

    -against-

NO. 1 GREAT WALL OF FULTON 168, ZHE
WEI ZOU, WENDY WANG, and MICHAEL
CHEN,

                                  Defendants.
-------------------------------------------------------------- X

Case No. 16-cv-1304 (SJF) (SIL)

**PLAINTIFF'S MOTION**
Pursuant to Fed. R. Civ. P. 60(b)

## MOTION FOR RELIEF FROM A JUDGMENT OR ORDER
**Pursuant to Rule 60 (b) (1) and (6) of the
Federal Rules of Civil Procedure**

    Upon the Affidavit of Ni Ping, the Plaintiff in the above-captioned matter, and all proceedings had heretofore herein, the Plaintiff hereby moves this Court for an Order, pursuant to Rule 60 (b) (1) and (6) of the Federal Rules of Civil Procedures, relieving the Plaintiff from the Judgment dated April 5, 2017 which granted Defendants' motion for Summary Judgment.

    Plaintiff respectfully asks the Court to grant leave to file this opposition to the Defendants' motion for summary judgment, for the good reasons set forth herein.

    Pursuant to Fed. R. Civ. P. 60 (b), on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; and (6) any other reason that justifies relief.

    Pursuant to Fed. R. Civ. P. 60 (d)(1), the Court is also empowered to entertain an independent action to relieve a party from a judgment, order, or proceeding.

By Opinion and Order dated April 5, 2017, this Honorable Court (Feuerstein, D.J.) granted the defendant's unopposed motion for summary judgment (Document 24) and ordered the clerk of the Court to close the case.

As the Court found, pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing that there are no material facts that preclude judgment as a matter of law.

As the Court correctly pointed out, in deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence *in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party*, and to eschew credibility assessments." (Citations omitted). (Emphasis added).

A motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

It is well settled that to successfully oppose a motion for summary judgment, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

For the sake of brevity and judicial economy, Plaintiff refers to the Factual and Procedural Background set forth in the Court's Order dated April 5, 2017, annexed hereto as *Exhibit A*.

In the instant case, the Plaintiff's complaint involves genuine issues of disputed and triable facts upon which a reasonable finder of fact could render a verdict in Plaintiff's favor. *See Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of

fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party.")

Plaintiff has finally gathered evidence through subpoena that was previously not available and is prepared to present evidence disputing and contradicting the Defendants' allegations upon which the motion for summary judgment was granted. The Defendants phone records will be important in matching up many additional receipts. Even though Plaintiff sent a subpoena to Verizon for the records, the defendants have not cooperated, and the Plaintiff intends to request the Court to order the production of such records.

**Grounds for Relief from Final Order and Judgment [Fed. R. Civ. P. 60 (b)(1) & (6)]**

### I. Inadvertence and excusable neglect [Rule 60 (b)(1)]

.Plaintiff's retained attorney attorney, Joseph Lacome, never filed an opposition to defendant's motion for summary judgment because Plaintiff had informed him he would provide the attorney with evidence and an affidavit refuting the plaintiffs assertions. Plaintiff was in the process of gathering evidence, and even had filed a subpoena for his own telephone records and those of the Defendant, which has not been answered. Those telephone records will show the huge volume of orders called in each day. Consequently, because counsel was not given the information by Plaintiff because Plaintiff still didn't have it yet, he never filed an opposition to defendant's motion for summary judgment. Plaintiff relied on his attorney to do these things and Plaintiff was still in the process of providing counsel with the documents and evidence necessary to oppose the motion. Plaintiff did not "sit on his hands" and neglected to prosecute the matter; rather, he tried diligently to get the evidence., for the purposes under Rule 60 (b) herein, Plaintiff respectfully submits that the Court should grant the relief requested in the interests of justice and equity.

Plaintiff inadvertently failed to follow up or keep abreast of the matter because he reasonably. believed he had time, he still was waiting for the phone records, and then received notice that the motion for summary judgment was granted because it was unopposed.

On February 23, 2017, Defendants filed their motion for summary judgment, along with a letter stating that "Plaintiff's counsel ha[d] neither served opposition papers nor sought an extension of time to respond."    This was a bitter surprise to the Plaintiff.

## II.  Other reasons that justify relief [Rule 60 (b)(6)]

### A.  Meritorious Basis to Oppose Motion.

Plaintiff seeks to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL").

Defendants denied violating the FLSA or NYLL, asserting that none of the Defendants are an "enterprise" within the meaning of the FLSA. Defendants filed the instant motion for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that they are entitled to judgment as a matter of law because Defendant is not a covered enterprise under the FLSA and that Plaintiff is not a covered individual. See Memorandum of Law in Support of Motion for Summary Judgment, DE [22] at 2.  These allegations are false.

If Plaintiff's counsel was given the evidence that Plaintiff now possesses, this Court would have found that there are indeed triable issues of fact and denied defendant's motion for summary judgment.

Plaintiff painstakingly sought to obtain all the sales receipts from his employer to prove to the Court that the defendants are making over half a million dollars a year in sales, thus granting FLSA jurisdiction to the Court. He was finally able to assemble representative amounts of receipts, which are tied to telephone numbers of restaurant customers. These receipts show a

much larger gross receipts pattern than shown on the defendants tax returns, which are the basis of the Court's Order.

Had counsel submitted all the evidence including receipts to the court with an opposition motion, the outcome would have been different. In its Order, the Court at page in page 1, note 1, stated that "Plaintiff failed to oppose Defendant's motion for summary judgment or otherwise dispute the facts asserted in Defendant's Local Rule 56.1 Statement. Defendants facts are accepted as undisputed where they are supported by the record." The record now disputes them.

The Plaintiff has supporting documentation that disputes the Defendants' determinative assertions of fact. To the extent that Defendant disputes Plaintiff's assertion of facts, and to the extent that this dispute must be resolved by a finder of fact, summary judgment must be denied.

### B. Misrepresentation by Defendants.

Pursuant to Fed. R. Civ. P 60 (b) (3), on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding where there is fraud or misrepresentation by an opposing party.

Determinative to the Court's ruling here is the finding that the Defendants' records support that they don't meet the threshold of $500,000 dollars for the Court to have jurisdiction over the FLSA claim.

The claim by the Defendants was false. This misrepresentation by the Defendants constituted a fraud upon the Court.

Plaintiff avers that he has supporting records that will undoubtedly contravene Defendant's representations. Plaintiff has sales receipts and other records that will prove to the Court that the defendants were not honest in their pleadings.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests the Court grant the relief prayed for pursuant to Fed. R. Civ. P. 60 (b), granting relief from its Order dated April 5, 2017 and allowing Plaintiff to serve and file his meritorious opposition to Defendants' motion for summary judgment, and recovering Plaintiff's opportunity to have his day in court consistent with his rights to due process.

Plaintiff prays for such other relief as the Court deems equitable and proper under the premises.

Dated: April 18, 2017
Jackson Heights, New York

Respectfully submitted,

_____
Ni Ping
*Plaintiff Pro Se*
54 Fire Road Dr.
Bay Shore, NY 11706

Telephone: (917) 200-8728

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

NI PING,

                           Plaintiff,         Case No. 16-cv-1304 (SJF) (SIL)

    -against-

NO. 1 GREAT WALL OF FULTON 168, ZHE WEI ZOU, WENDY WANG, and MICHAEL CHEN,         **PLAINTIFF'S AFFIDAVIT**
**Pursuant to Fed. R. Civ. P. 60(b)**

                       Defendants.
------------------------------------------------------------ X

Ni Ping, , under penalty of perjury, states the following:

1. I worked for the restaurant known as "Great Wall of Fulton 168, which is located in Hempstead, NY from July 31, 2014 to January 31, 2016
2. I delivered food orders paid for by cash, credit cards, or the internet (Grub Hub). I also packed food, did kitchen work, and prepared food.
3. The restaurant is located at 585 Fulton Avenue in Hempstead. This area is extremely busy because of the close proximity of many apartment complexes and Hofstra University-all within a short walk. (See map attached as Exhibit A)
4. The average orders which I delivered each day varied by the time of year, but may be summarized as follows: (See Exhibit B which is about one day's sample for a few months of delivery numbers.) These numbers are all connected. In many cases, it has the customer's phone number, the restaurant's phone number, and the

date. It is submitted that this evidence and the additional evidence should be presented at trial.

| Months | Cash Orders daily | Credit Card Orders daily | Online Orders daily | Avg daily |
|---|---|---|---|---|
| Oct.- Feb. | 65-70 orders | 15-20 orders | 15-20 orders | 95-100 orders |
| Mar.-Jun | 45-60 | 10-15 | 10-15 | 80 |
| July-Sept. | 40-55 | 10-15 | 5-10 | 60-75 |

This is a lot more than the 15 orders which the defendant told the judge they did each day.

5. In addition, the junior partner/manager, Mr. Zou, delivered all the expensive bigger orders, such as around $100, so that the tip would not go to me, and the restaurant could instead keep it. Because of this unfair practice, and management's refusal to give me a W-2 form, I eventually quit the job.
6. The amount of the orders delivered was around $15 to $20 on average, and the total amount I delivered for the orders averaged over $1,000 per day every day of the year. This amount does not include credit card orders, Mr. Zou's deliveries, or the food ordered in the dining room, as well as food ordered by customers for their pick-up, all of which is substantial. The total daily receipts averaged about $2,800, all of which were put into a book, which I frequently saw when all the receipts were tallied at the end of the day.
7. The telephone number of the customer who I had to make a delivery to is included in the list I subpoenaed for my own phone. These telephone numbers are part of the people who ordered food, and can be verified as restaurant customers.
8. The list of telephone numbers comes from my own phone, which I only used to call the customers when I was close to delivering the food.

    The list is numbers from just a few months, and is tied into a restaurant receipt. These are just samples .

9. In many cases, I have included the receipt number for the order. See Exhibit B, which is my delivery list.
Included in Exhibit B are actual receipts, which also contain customer addresses and match the phone number. I might have gotten this and other information from the defendant, but we were told to wait for the discovery.

10. The subpoena for the restaurant's phone records to Verizon is attached as Exhibit C. We never received a response.

One can see from these limited samples and the circumstances of the restaurant's location, that the daily, monthly and annual volume was quite substantial-certainly a lot more than $500,000.

    I will continue to develop this information.

Ni Ping

Sworn to this 17 day of April, 2017

## CERTIFICATE OF SERVICE

I, Ni Ping, hereby certify that I mailed a copy of my Motion for Relief from a Judgment or Order on this ___ day of April, 2017 via First Class mail, with sufficient postage attached to an envelope deposited with the United States Postal Service and addressed to the Defendants' attorneys at:

William Win-Ning Chuang
Jakubowitz & Chuang LLP
401 Broadway Ste 408
New York NY 10013


Dated:      April 17, 2017
            Jackson Heights, New York

_____
Ni Ping
54 Fire Road Dr.
Bay Shore, NY 11706
(917) 200-8728