Joseph LaCome
Attorney at Law

7/23/2017


Via ECF

RE:  Substitution of Counsel & motion for reconsideration, Ping v. Great Wall, et al.  # 2:16-cv-01304

Your Honor,

I noticed a pro se filing by the client concerning, along with a pro se motion for reconsideration, a motion to appear pro se.  The client misstates what actually occurred; I asked that the client assist with completing the factual statement for his affidavit for the summary judgment, and he failed to do so after I asked him several times.  I already had the summary judgment drafted, but because his affidavit was missing – and crucial to the opposition, nothing was filed.  Because the Court was adamant about the strict summary judgment filing and opposition deadlines (which, I might add, plaintiff was in attendance for), Counsel informed the client that it was not likely an extension would be granted if he did not sign the affidavit.

I am puzzled why the client is trying to fight this case in federal court, pro se, for his FLSA claims, when he still has a viable *state* cause of action for his unpaid wages under the NYLL, which has a six year statute of limitations.  I suspect a freelance paralegal or lower-paid attorney is ghostwriting his pleadings and giving him bad advice.  The client has not spoken to me since mid April of this year, so I can't say for sure what is running through his mind.

So, if the Court does entertain the pending pro se motion for reconsideration, I ask for an order allowing me to withdraw from representing the client further on this matter.


Respectfully submitted,


   /s/ Joseph LaCome_____
Joseph LaCome, Esq.
1 East Washington St., Suite 500
Phoenix, AZ  85004
Ph. 415-847-1944
LacomeLaw@gmail.com

1