UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NI PING,<br><br>                              Plaintiff,<br><br>-against-<br><br>NO. 1 GREAT WALL OF FULTON 168, ZHE WEI ZOU, WENDY WANG, and MICHAEL CHEN,<br><br>                              Defendants. | Case No.: 16-CV-1304 (SJF) (SIL)<br><br>**PLAINTIFF'S SECOND MOTION**<br>Pursuant to Fed. R. Civ. P. 60(b) |

## SECOND MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

Upon the Affidavit of Ni Ping, sworn to on August 4, 2017; the Affirmation of attorney Ricardo R. Morel, Esq., dated August 23, 2017, and the Attachments thereto; Plaintiff's Motion for Relief from Judgment, filed *pro se* on April 18, 2017 (DE 27); and the proceedings had heretofore herein, Plaintiff moves this Court for an Order, pursuant to Rule 60 (b) (1) and (6) of the Federal Rules of Civil Procedures, relieving Plaintiff from the Judgment dated April 5, 2017 which granted Defendants' motion for Summary Judgment.

On April 18, 2017, Plaintiff filed a Motion for Relief from the said Judgment, which motion has not yet been decided. The said Motion is annexed hereto as **Exhibit "A"**. For the reasons stated herein, Plaintiff was compelled to file the said motion *pro se*, due to the mishandling and neglect of the matter by his then attorney Mr. Joseph LaCome, appearing *pro hac vice* out of Arizona, albeit with a New York address.

Plaintiff's *pro se* motion filed on April 18, 2017 is adopted and incorporated herein.

Plaintiff moves this Court for the relief requested in Plaintiff's first Motion, upon the same legal grounds, with the additional facts as articulated to counsel regarding the ineffective

1

assistance and unethical behavior of prior counsel, which should be taken into consideration in determining whether Plaintiff is entitled to relief pursuant to Fed. R. Civ. P. 60(b).

Pursuant to Fed. R. Civ. P. 60 (b), on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; an (6) any other reason that justifies relief.

Pursuant to Fed. R. Civ. P. 60 (d) (1), the Court is also empowered to entertain an independent action to relieve a party from a judgment, order, or proceeding.

Plaintiff respectfully submits that good cause exists in this case for the Court to grant the relief prayed for under the premises.

In its Order dated April 5, 2017, this Court (Hon. Feuerstein, D.J.) granted Defendants' motion for summary judgment as being unopposed and ordered the Clerk to close the case. A copy of the Court's Opinion and Order is annexed hereto as **Exhibit "B"**.

The Court found that pursuant to Fed. R. Civ. P. 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of establishing that there are no material facts that preclude judgment as a matter of law. As set forth in Plaintiff's Motion, the Plaintiff indeed could show material facts that preclude such judgment, but he was foreclosed from presenting this due to his former attorney's malpractice.

### Grounds for Relief from Final Order and Judgment

As set forth in Plaintiff's Motion for Relief (DE 27), annexed hereto as **Exhibit "A"** and made a part hereof, he is entitled, *inter alia*, to the said relief due to Inadvertence and Excusable Neglect, pursuant to Rule 60 (b) (1).

Within the purview contemplated by this rule, is the Ineffective Assistance of Counsel which includes deception and negligence as articulated in Plaintiff's Affidavit submitted herewith. It is now respectfully submitted that the said malpractice by former counsel Mr. Joseph LaCome caused Plaintiff to be penalized for the attorney's neglect. To the extent that such neglect was attributed to the Plaintiff, it is excusable under the circumstances. This caught Plaintiff by surprise, as evidenced by his diligent reaction in filing his motion *pro se*.

I. **Inadvertence and Excusable Neglect (Rule 60 (b) (1)**

A. **Ineffective Assistance/Malpractice of Counsel.**

Plaintiff was denied effective representation when his retained attorney, Joseph LaCome, virtually abandoned Plaintiff's case, while misleading Plaintiff with regard to its precarious posture, and Mr. LaCome never filed an opposition to Defendants' motion for summary judgment. Despite notices by Defendants' counsel and ample opportunity, Mr. LaCome did not even bother to request an extension, presuming that it would have been denied anyway.

Plaintiff relied on his attorney to do these things and provided counsel with the documents and evidence necessary to oppose the motion. As Plaintiff states in his *pro se* motion, he did not sit on his hands nor neglected to prosecute this matter. He relied on his lawyer to do these things, and, according to his Affidavit submitted herewith, was misled by Mr. LaCome regarding the posture of the case. Had Plaintiff realized that the motion was not being properly opposed, Plaintiff would have discharged Mr. LaCome and would have taken appropriate action.

Plaintiff inadvertently failed to follow up or keep abreast of the matter because he reasonably expected the attorney to do what he was hired to do, and to inform Plaintiff of any actions required of him. Mr. LaCome represented himself as a highly-competent New York

attorney, when in fact Mr. LaCome's work demonstrates sanctionable incompetence, and he is not even admitted to practice in New York.

Plaintiff was given wrong information by his attorney, and then received notice that the motion for summary judgment was granted unopposed. To Plaintiff's surprise, his reliance on the attorney to perform the professional tasks which the attorney represented himself capable of handling, caused Plaintiff to suffer the instant detriment.

As noted by the Court in its decision at page 4, "[a]lthough Defendants provided proof that the instant motion was delivered to Plaintiff's counsel's office ... to date, Plaintiff has not opposed Defendants' motion, and his time to do so has expired."

This was a bitter surprise to the Plaintiff.

While Plaintiff's remedy on appeal is to prove his case and then sue the lawyer in malpractice, for the purposes of Rule 60 (b) herein, Plaintiff respectfully submits that the Court should grant the relief requested in the interests of justice and equity.

WHEREFORE, Plaintiff respectfully prays this honorable Court will grant this motion for relief from the Judgment granting Defendants' Motion for Summary Judgment and permit Plaintiff to proceed on the merits to a just conclusion of this matter; and Plaintiff prays for such other and further relief as the Court deems proper, equitable and just under the premises.

Dated: Flushing, New York
August 23, 2017

Respectfully Submitted,

/s/ *Ricardo R. Morel* .
Ricardo R. Morel, Esq. (RM2693)
39-15 Main Street – Suite 318
Flushing, NY 11354
(424) 362-8960

4

Case 2:16-cv-01304-SJF-SIL Document 30 Filed 08/23/17 Page 5 of 5 PageID #: 627

Case 2:16-cv-01304-SJF-SIL Document 30 Filed 08/23/17 Page 5 of 5 PageID #: 627

5