UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NI PING,

                                  Plaintiff,         Case No.: 16-CV-1304 (SJF) (SIL)

     -against-

NO. 1 GREAT WALL OF FULTON 168,        **ATTORNEY'S AFFIRMATION**
ZHE WEI ZOU, WENDY WANG, and            **IN SUPPORT OF PLAINTIFF'S**
MICHAEL CHEN,                                **MOTION FOR RELIEF**
                                                            **FROM JUDGMENT**
                                  Defendants.
------------------------------------------------------------------ X

      I, Ricardo Morel, Esq., an attorney duly admitted to practice before this Court, hereby affirm under penalty of perjury that the following is true. I state these things upon personal knowledge, except as to those things stated upon information and belief, based on the record, consultations with Plaintiff and witnesses, and as to those things, I believe them to be true:

      1.     I have been retained to represent the Plaintiff, Ni Ping, in the above captioned matter. I am familiar with the facts of this case, and with the proceedings had heretofore herein.

      2.     I respectfully submit this affirmation in support of Plaintiff's Motion for relief from the Order of this Court dated April 5, 2017, which granted as unopposed the Defendants' Motion for Summary Judgment against the Plaintiff.

      3.     After reviewing the facts of this case and upon consultation with the Plaintiff, it is clear to your affirmant that the matter was mishandled by Plaintiff's prior counsel. But for the inexcusable failures of prior counsel, Defendants' motion for summary judgment would likely have been denied.

4. Upon information and belief, Plaintiff's former attorney, Joseph LaCome, who still appears on record,[1] told Plaintiff that he, Mr. LaCome, was timely responding to the motion for summary judgment, even after Mr. LaCome knew or should have known that the motion had in fact been granted . Upon information and belief, Mr. LaCome told Plaintiff that he was responding to the motion by his own cross-motion for summary judgment. He told Plaintiff that he needed Plaintiff to gather documentary evidence to make the motion, which Plaintiff did. He told Plaintiff that everything was proceeding just fine, when in fact the motion had been granted, un-opposed. Counsel knew or should have known that the disposition of the said motion was imminent, because Defendants' counsel, William Win. Chuang, Esq., reached out to Mr. LaCome and made efforts to communicate with Mr. LaCome regarding Mr. LaCome's lack of response. See the letter addressed to the Court by Mr. Chuang dated February 23, 2017) (DE 23), attached hereto.

5. Mr. LaCome's accessibility was nebulous, his address(es) ambiguous, and his cooperation less than forthcoming. Further, he never requested an extension of time to respond to the motion. It has been my experience in this Court that such requests are rarely denied when based upon good cause. In this case, Mr. LaCome claims that his failure to submit a timely response to the motion was due to Plaintiff's failure or refusal to provide an "affidavit." See letter addressed to the Court by Mr. LaCome, dated July 24, 2017, annexed hereto. (DE 28). His reason for not asking for an extension of time, according to what he told Plaintiff, and which Mr. LaCome admits in his letter (DE 28), was that such an extension was not likely to be granted. This shows his inexperience, ineptitude, lack of candor with client, or all of the above.

---

[1] Mr. LaCome appeared Pro Hac Vice, as the docket sheets show in many cases in this and other District Courts of New York on a regular basis, with an address of "LaCome Law Firm" at 455 Main Street, Suite 103, New Rochelle, NY 10801, never having been admitted to practice in New York. Upon information and belief, that address is actually a real estate office.

6. Upon information and belief, based on the public docket sheets in other matters involving Mr. LaCome, there appears to be a pattern of his neglecting cases, then disparaging the client for his professional failures, and then withdrawing.

7. It is disingenuous for Mr. LaCome to claim that his failure in this case was due to Plaintiff's failure to provide an affidavit. I know from personal experience with Plaintiff that he is quite diligent in cooperating with his case. He has met with me whenever I asked him to, despite his busy schedule; he has provided information whenever I've requested in a prompt manner; and he promptly provided an affidavit when I requested it.

8. When considering who is telling the truth here regarding neglect and dilatory omissions, it is noteworthy that Mr. LaCome wrote a letter to this Court on July 24, 2017 where he begins by saying "I noticed a pro se filing by the client concerning, along with a pro se motion for reconsideration ...." (DE 28). The said *pro se* motion was filed on April 18, 2017 (DE 27). Part of an attorney's duty is to pay attention to ECF filings, for which he/she receives prompt notice. Yet, Mr. LaCome just noticed his client's April 18 filing on July 24!

9. The Court will further note that Mr. LaCome's July 24 letter disparages "freelance paralegal or lower-paid attorney [for] giving [Plaintiff] bad advice." This is ironic, because the advice which Plaintiff received following Mr. LaCome's ruining Plaintiff's case is obviously correct. Mr. LaCome's claim that he is a "higher-paid" lawyer should be looked at from the perspective of being an unlicensed, incompetent fraud.

10. Mr. LaCome states in his July 24 letter that he is "puzzled why the client is trying to fight this case in federal court, pro se, for his FLSA claims, when he still has a viable state cause of action ..." in New York.

3

11. First, the client had no choice but to proceed *pro se* with an appropriate motion, after being deceived an abandoned by his attorney. Second, this advice – which Plaintiff corroborates Mr. LaCome gave him back in March, 2017 – is suspiciously self-serving as a way to cover for the lawyer's malpractice, and as a way to do no more work, while claiming that the client would still owe him money at the end of the case. This is dishonest at best, because unbeknownst to the client, Mr. LaCome knew very well that he could not represent the client in State Court. He is not admitted to practice in New York, and upon information and belief based on docket entries in another case, his application to appear *pro hac vice* was denied.

12. Your affirmant has elaborated on these things relating to Mr. LaCome and his representation of the Plaintiff because I believe that Mr. LaCome's actions and omissions, as stated herein, and his misleading the Plaintiff, are the cause for the motion for summary judgment having been.

13. I assert this because upon review of documentary evidence which Plaintiff provided to Mr. LaCome, and Plaintiff's statements to me regarding his case, I am convinced that upon a proper response to the Defendants' motion, the said motion should have been denied. I assert this because Plaintiff has sufficient evidence to contradict Defendants' allegation that they do not meet the requisite threshold of $500,000.00; and at a minimum, Plaintiff provided counsel with facts and evidence to sufficiently show that there are triable issues of fact which would defeat the motion for summary judgment as a matter of law.

14. Under the circumstances, F.R.C.P. 60 (b) provides this Court with a sufficient basis to vacate the judgment entered against Plaintiff, and to provide Plaintiff with the relief he seeks, to wit, the opportunity to proceed upon the merits of his claims.

WHEREFORE, for the foregoing reasons and good cause, I respectfully request on behalf of the Plaintiff that the instant motion – incorporating the preceding *pro se* motion – be granted.

Dated: Flushing, New York
August 23, 2017

/s/ *Ricardo R. Morel*          .
Ricardo R. Morel, Esq. (RM2693)
Attorney for Plaintiff
39-15 Main Street – Suite 318
Flushing, New York 11354

### CERTIFICATE OF SERVICE

I, Ricardo R. Morel, Esq., hereby certify that this document being filed through the ECF system on August 23, 2017 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/  Ricardo R. Morel          .
Ricardo R. Morel, Esq.