**Joseph LaCome**
**Attorney at Law**
**Ph. 415-847-1944 – Fax 415-532-3247**
**LacomeLaw@gmail.com**

**LAWYER-CLIENT CONTINGENCY FEE AGREEMENT**

Joseph LaCome ("Lawyer"), will provide legal services to NI PING ("Client"), on the terms set forth below. This agreement is required by MO Supreme Court Rule 4-1.5(c).

**1. CONDITIONS**. This Agreement will not take effect, and Lawyer will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit (waived), if any, called for under Paragraph 5.

**2. SCOPE OF SERVICES**. Client is hiring Lawyer to represent Client in the matter of Client's employment/labor law dispute claims against GREAT WALL OF FULTON, and possibly others as future investigation may indicate, arising out of the discovery process.

Lawyer will represent Client until a settlement or judgment is obtained by way of negotiations or arbitration or trial. Lawyer will oppose any motion for a new trial or any other post-trial motions filed by an opposing party, or will make any appropriate post-trial motions on Client's behalf. After judgment Lawyer will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, without such additional compensation as may be agreed upon in a separate Agreement.

**3. CLIENT**. Lawyer is representing the Client NI PING only in this matter. It is understood by Client and any third party who may be assisting Client financially, emotionally or otherwise, in this matter, that lawyer's duty is to act in the best interest of the Client and Lawyer cannot share information about Client's case with anyone other than Client without express permission.

**4. RESPONSIBILITIES OF THE PARTIES**. Lawyer will provide those legal services reasonably required to represent Client in prosecuting the claims described in paragraph 2. Client agrees to appear, at all legal proceedings (including depositions, hearings including but not limited to trial) when Lawyer deems it necessary. Client further agrees to generally cooperate fully with Lawyer in all matters related to the preparation and presentation of Client's claims (including but not limited to interrogation, written discovery, trial preparation, client interviews). Further, while it is impossible to predict the course of a representation, it may be important for Lawyer to contact Client immediately, or upon short notice, to confer with Client regarding the status of Client's case. An inability to do so may result in Client's case being prejudiced and detrimentally affect the outcome of the case. Accordingly, Client agrees to keep Lawyer informed of Client's current address, telephone number and whereabouts. If Client leaves town, for example, to travel on business or vacation, Client agrees notify Lawyer before leaving of the expected duration of the trip and how Client may be contacted in the meantime.

**5. DEPOSIT (ADVANCED COST DEPOSIT).** Client agrees to pay Lawyer an initial deposit (advanced cost deposit) for costs of $ **waived**, to be returned with this signed Agreement. Lawyer will hold this initial deposit in a trust account. Client hereby authorizes Lawyer to use that deposit to pay the costs and other expenses incurred under this Agreement.

When Client's deposit (advanced cost deposit) is exhausted, Lawyer reserves the right to demand further deposits. Once a trial or arbitration date is set, Lawyer will require Client to pay all sums then owing, and to deposit the costs Lawyer estimates will be incurred in preparing for and completing the trial or

arbitration, as well as the jury fees court costs or arbitration fees likely to be assessed. Those sums may exceed the deposit. Client agrees to pay all deposits (advanced fees) required under this Agreement within (waived) days of Lawyer's demand. Any deposit (advanced fee) that is unused at the conclusion of Lawyer's services will be refunded.

**6. LEGAL FEES AND BILLING PRACTICES**. Lawyer will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will be obligated to pay only for costs and expenses, as described in Paragraph 7.

*ALTERNATE ONE*
The fee to be paid will be a percentage of the "gross recovery," depending on the stages at which settlement or judgment is reached. The term "gross recovery" means the total of all amounts received by settlement, arbitration award or judgment, including any award of lawyer's fees. The fee will be calculated before the deduction of any costs and expenses as set forth in Paragraph 7, and the costs and expenses will remain the responsibility of Client to be paid from the portion of any amounts received by Client after deduction of the fee.

Upon conclusion of the matter, Lawyer will provide Client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to Client and the method by which the remittance was calculated.

*ALTERNATE TWO*
~~The fee to be paid will be a percentage of the "net recovery," depending on the stage at which settlement or judgment is reached. The term "net recovery" means: 1) the total of all amounts received by settlement, arbitration award or judgment. 2) minus all costs and expenses as set forth in Paragraph 7.  Upon conclusion of the matter, Lawyer will provide Client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to Client and the method by which the remittance was calculated.~~

Lawyer's fee shall be calculated as follows:
(i) If the matter is resolved before filing a lawsuit or formal initiation of proceedings, then Lawyer's fee will be _33%__ percent of the net recovery;
(ii) If the matter is resolved prior to __1_ day before the date initially set for the trial or arbitration of the matter then Lawyer's fee will be thirty-three percent (33%) of the net recovery; and
(iii) If the matter is resolved after the times set forth in (i) and (ii), above, then Lawyer's fee will be Thirty three percent (33%) of the net recovery.

In the event of Lawyer's discharge or withdrawal for cause as provided in Paragraph 12, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Lawyer shall be entitled to be paid by Client a reasonable fee for the legal services provided the extent to which Lawyer's services have contributed to result obtained. Such fee shall be determined by considering the following factors:

**7. COSTS AND EXPENSES**. Lawyer will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs and expenses paid or owed by Client in connection with this matter, or which have been advanced by Lawyer on Client's behalf and which have not been previously paid or reimbursed to Lawyer. Costs and expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation

expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, costs and expenses will be charged at our cost.

In-Office photocopying $.50/page  - Fax charges $.50/page  -  Mileage $1/ mile   Other:

Client understands that, as set forth in Paragraph 5, a deposit (waived) for costs may be required before the expenditure is made by Lawyer.

*ALTERNATE ONE*

**Experts, Consultants, and Investigators**. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants, or investigators. Client agrees to pay such fees and charges. Lawyer will consult with client on the selection of any expert witnesses, consultants, etc., to be hired and their charges.

Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

*ALTERNATE TWO*

~~**Experts, Consultants, and Investigators**. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants, or investigators. Lawyer will select, in consultation with client, any expert witnesses, consultants or investigators to be hired and Client will be informed of persons chosen and their charges.  Client authorizes Lawyer to incur all reasonable costs and to hire any investigators, consultants, or expert witnesses reasonably necessary in Lawyer's judgment unless one or both of the clauses below are initialed by Lawyer.~~

~~Lawyer shall obtain Client's consent before incurring any costs in excess of $_1000_.   Lawyer shall obtain Client's consent before retaining outside investigators, consultants, or expert witnesses.~~

~~If an award of fees and/or costs is sought on Client's behalf in this action, Client understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Lawyer is entitled to charge its clients or that only the fees and/or costs which were allowed were reasonable. Client agrees that, whether or not lawyer's fees or costs are awarded by the court in Client's case, Client will remain responsible for the payment, in full, of all lawyer's fees and costs in accordance with this Agreement.~~

~~Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.~~

**8. BILLING STATEMENTS**. Lawyer will send Client periodic billing statements for costs and expenses incurred in connection with this matter. Each statement is to be paid in full within ___(when/if settlement/judgment/resolution of the case occurs)_____ days after the date of such statement.

**9. DISCHARGE AND WITHDRAWAL**. Client may discharge Lawyer at any time, upon written notice to Lawyer. Lawyer may withdraw from representation of Client (a) with Client's consent (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Lawyer or to

3
Contingency Fee Agreement

follow Lawyer's advice on a material matter or any other fact or circumstance that would render Lawyer's continuing representation unlawful or unethical.

Notwithstanding Lawyer's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Lawyer for all costs incurred prior to the termination. In the event that there is any recovery obtained by Client after *conclusion of* Lawyer's services, Client remains obligated to pay Lawyer for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge.

Lawyer will maintain Client's file for 2 years after this matter is concluded. Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. 2 years after the conclusion of this matter, the file may be destroyed without further notice to Client.

**10. DISCLAIMER OF GUARANTEE AND ESTIMATES**. Nothing in this Agreement and nothing in Lawyer's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Lawyer makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Lawyer's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Lawyer has made no promise or guarantees about the outcome.

**11. NEGOTIABILITY OF FEES**. The rates set forth are not set by law, but are negotiable between a lawyer and client.

**12. APPROVAL NECESSARY FOR SETTLEMENT**. Lawyer will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client has the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Lawyer recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Lawyer.

**13. LIMITATION OF REPRESENTATION**. Lawyer represents Client only on the matter described in paragraph 2 – Scope of Services. Lawyer's representation does not include independent or related matters that arise, including, among other things, claims for property damage, workers' compensation disputes with health care providers about the amount owed for services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy.

In the event there is a dispute between Client and a third party regarding any amounts allegedly owed by Client to the third party and there is a colorable claim to a lien on any proceeds in Lawyer's possession by the third party, Lawyer will interplead those proceeds to the court for resolution of the dispute, if Client and the third party are unable to resolve the dispute amicably after a reasonable period of time.

This agreement does not include defending Client against, or representing Client in any claims that may be asserted against Client as a cross-claim or counter-claim in Client's case. This agreement does not apply to any other legal matters. If any such matters arise later, Lawyer and Client will either negotiate a separate Agreement if Client and Lawyer agree that Lawyer will perform such additional legal work or Client engage separate counsel with respect to cross-claims or counter-claims or additional legal work. Client may have other possible causes of action arising from the facts and circumstances giving rise to this representation. As Lawyer does not represent Client on these other possible claims, Client should seek independent representation if Client wishes to pursue a remedy. Delay or failure to do so may result in Client being barred by a statute of limitations from being able to recover under these other causes of action.

**14. CONCLUSION OF SERVICES**. When Lawyer's services conclude, all previously approved costs and expenses will immediately become due and payable. Lawyer is authorized to use any funds held in Lawyer's trust account as a deposit (advanced fee) against costs to apply to such unpaid costs and expenses. After Lawyer's services conclude, upon request, Client's file and property will be delivered to Client or Client's Lawyer whether or not Client has paid any fees and/or costs owed to Lawyer. Client understands that to the limited extent Lawyer has paid out of pocket expenses for items, which have not yet been reimbursed by Client, Lawyer must be reimbursed for that particular expense before releasing that item.

**15. LIEN.** Client hereby grants Lawyer a lien on any and all claims or causes of action that are the subject of Lawyer's representation under this Agreement. Lawyer's lien will be for any sums owing to Lawyer for any unpaid costs, or lawyers' fees, at the conclusion of Lawyer's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**16. RECEIPT OF PROCEEDS**. All proceeds of Client's case shall be deposited into Lawyer's trust account for disbursement in accordance with the provisions of this Agreement. No disbursement may be made until the settlement/or recovery check has cleared the bank.

**17. ENTIRE AGREEMENT**. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**18. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**19. MODIFICATION BY SUBSEQUENT AGREEMENT**. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**20. EFFECTIVE DATE**. This Agreement will govern all legal services performed by Lawyer on behalf of Client commencing with the date Lawyer first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Lawyer the reasonable value of any services Lawyer may have performed for Client.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE LAWYER FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

| Client: | Attorney: |
|---|---|
| DATED: 4/20/16 | DATED: 5/20/16 |
| _____ | _____ |
| NI PING, client | Joseph LaCome, attorney |