F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 16 2017 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NI PING,

                        Plaintiff,

       - against -

NO, 1 GREAT WALL OF FULTON 168,
ZHE WEI ZOU, WENDY WANG and
MICHAEL CHEN,

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND DECISION**

16-cv-1304 (SJF)(SIL)

**FEUERSTEIN, District Judge:**

I.   **PRELIMINARY STATEMENT**

Plaintiff Ni Ping ("Plaintiff") commenced this action against Defendants No. 1 Great Wall of Fulton 168, Zhe Wei Zou, Wendy Wang, and Michael Chen (collectively, "Defendants"), seeking to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 190 *et seq. See* Docket Entry ("DE") [1]. On April 5, 2017, following Defendants' unopposed motion for summary judgment [DE 22], the Court issued an Opinion and Order granting the motion in its entirety and directed the Clerk of the Court to close this case. *See* DE 24. Presently pending before the Court are the following post-judgment motions: (1) Plaintiff's motion requesting to proceed in a *pro se* capacity [DE 26]; (2) Plaintiff's motion seeking post-judgment relief in accordance with Fed. R. Civ. P. 60(b) (ostensibly filed on a *pro se* basis) [DE 27]; (3) Plaintiff's second motion seeking post-judgment relief in accordance with Fed. R. Civ. P. 60(b) (ostensibly filed by Plaintiff's successor counsel) [DE 30]; and Plaintiff's motion seeking to terminate Attorney Joseph LaCome as counsel of record for

Plaintiff in this matter (ostensibly filed by Plaintiff's successor counsel) [DE 34]. For the reasons that follow, Plaintiff's motion to proceed *pro se* [DE 26] is GRANTED, Plaintiff's motions seeking relief under Fed. R. Civ. P. 60(b) [DE 27, 30] are DENIED, without prejudice and with leave to refile and Plaintiff's motion seeking to terminate Attorney Joseph LaCome as counsel of record for Plaintiff [DE 34] is DENIED as moot.

## II.   FACTUAL BACKGROUND

On March 14, 2016, Plaintiff filed a Complaint seeking to recover unpaid wages and overtime compensation pursuant to the FLSA and NYLL. *See generally* DE 1. On May 24, 2016, Attorney LaCome was granted permission to appear *pro hac vice*. *See* May 24, 2016 Electronic Order. On December 14, 2016, Defendants indicated their intention to move for summary judgment. DE 19. The Court set a briefing schedule directing that the fully briefed motion be filed by February 23, 2017. *Id*.

On February 23, 2017, Defendants filed their motion for summary judgment and also filed a separate letter advising the Court that "Plaintiff's counsel has neither served opposition papers nor sought an extension of time to respond." DE 22, 23. Defendants' letter also asserted that having not heard from Attorney LaCome, Defendants' counsel "emailed Plaintiff's counsel [on February 16, 2017] telling him that I did not receive his opposition papers" upon which Plaintiff's counsel "asked [Defendants' counsel] to email him the motion papers. However, I told him that they were too large to email." *Id*.

Having received no further correspondence from either party since the filing of the Defendants' motion, the Court adjudicated the motion as unopposed and issued its decision on April 5, 2017. DE 24. After reviewing the record, the Court determined that Defendants were entitled to judgment as a matter of law in light of the fact that "Great Wall's gross annual revenue never exceed[ed] five hundred thousand dollars ($500,000), and it is therefore not an

2

entity subject to enterprise coverage under the FLSA." *Id*. On April 6, 2017, the Clerk of Court closed the case. DE 25.

Thereafter, on April 18, 2017, Plaintiff filed the instant motion seeking to "proceed in a pro se capacity." DE 26 at 1.[1]

### III.   PLAINTIFF'S MOTION TO PROCEED *PRO SE*

#### A. Applicable Law

"The right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654 . . . [which itself] derives directly from the Judiciary Act of 1789." *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998). Nevertheless, although "'the right to self-representation in civil cases . . . is a right of high standing,' [ ] it is not without limit." *Antonmarchi v. Consol. Edison Co. of New York*, 678 F. Supp. 2d 235, 239 (S.D.N.Y. 2010) (quoting *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982)). Indeed, the Second Circuit has placed the following qualifications upon the invocation of the right to proceed *pro se* in a civil action including:

> First, the right to self-representation must be timely asserted, preferably before trial. Second, a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time. Third . . . because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him.

*Iannaccone*, 142 F.3d at 558; *see O'Reilly*, 692 F.2d at 867-68. With respect to "timeliness," the right must generally be asserted prior to trial. *See O'Reilly*, 692 F.2d at 867; *Iannaccone*,

---

[1]   Although the motion states that it seeks to permit "*defendant* to proceed in a pro se capacity," the Court presumes this is a typographical error. DE 26 at 1 (emphasis added).

3

142 F.3d at 558 (recognizing that the right should be asserted "preferably before trial"). However, some courts have deviated from this guideline. *See, e.g.*, *Jolly v. Coughlin*, No. 92 Civ. 9026, 1999 WL 20895, at *14 (S.D.N.Y. Jan. 19, 1999) (granting plaintiff's motion to have a law firm "relieved as his counsel and to proceed *pro se* " on appeal from judgment). In any event, "[a]n untimely request is committed to the discretion of the trial court, which may consider, among other factors, the reason for the request, the quality of the counsel representing the moving party, the party's prior proclivity to substitute counsel, and the potential disruption to the proceedings." *O'Reilly*, 692 F.2d at 867-68.

### B. Application to the Facts

On April 18, 2017, Plaintiff requested leave to proceed in this case *pro se*. DE 26. Plaintiff's motion asserts that he "has lost confidence in his counsel" based upon counsel's purported failure to "fully investigate this case or file the necessary opposition to defendant's summary judgment, or at minimum to request an extension of time to file opposition papers." *Id*. at 2. Therefore, "[b]ased on that lack of proper representation, Plaintiff believes it is [*sic*] the best interest to disqualify counsel and allow [Plaintiff] to proceed with his pro se motions." *Id*.

In response, Attorney LaCome filed a letter stating that Plaintiff "misstates what actually occurred" since according to counsel, he sought assistance from the Plaintiff with respect to "completing the factual statement for [Plaintiff's] affidavit for the summary judgment, and [Plaintiiff] failed to do so after I asked him several times. I already had the summary judgment drafted, but because his affidavit was missing – and crucial to the opposition, nothing was filed." DE 28. In addition, Attorney LaCome asserts that "[b]ecause the Court was adamant about the strict summary judgment filing and opposition deadlines . . . it was not likely an extension would be granted if [Plaintiff] did not sign the affidavit."

4

On August 7, 2017, almost four months subsequent to the filing of this motion, Attorney Ricardo R. Morel filed a Notice of Appearance purportedly on Plaintiff's behalf. *See* DE 29. No other supporting documentation was filed in conjunction with Attorney Morel's Notice of Appearance that would otherwise clarify whether Plaintiff still sought to proceed *pro se* or, in the alternative, whether he sought a substitution of counsel. In addition, at the time Attorney Morel filed his Notice of Appearance, Attorney LaCome had neither withdrawn nor had otherwise been released by the Court. *See* Local Civil Rule 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."). Therefore, because: (1) Plaintiff never formally withdrew his motion seeking to represent himself in this matter; (2) Attorney LaCome never filed a proper motion to withdraw in accordance with Local Civil Rule 1.4; and (3) no affidavit, declaration or substitution of counsel stipulation (executed by ingoing and outgoing counsel as well as the client) was filed that would provide the Court with salient facts establishing that Plaintiff, despite his earlier motion, sought instead to substitute Attorney Morel for Attorney LaCome, Attorney Morel's Notice of Appearance was defectively filed and the Clerk's office is directed to terminate his appearance from the docket in this case.

As to whether the motion is timely, Plaintiff could have filed this motion at any point but Plaintiff inexplicably waited until the Court rendered a decision on Defendants' motion for summary judgment. Nevertheless, since the Second Circuit has explicitly stated that "[t]he right [of self-representation] is 'unqualified' if invoked prior to trial," *O'Reilly*, 692 F.2d at 867, Plaintiff's request is technically timely. *See Antonmarchi*, 678 F. Supp. 2d at 239 (finding that plaintiff's "application to proceed *pro se* is timely in that it has been made before trial.").

5

Turning to the second qualification, "a court entertaining a motion to proceed *pro se* must ensure the movant is not actually seeking so-called "'hybrid representation,'" *Antonmarchi*, 678 F. Supp. 2d at 240, since "the rights of self-representation and representation by counsel cannot be both exercised at the same time." *O'Reilly*, 692 F.2d at 868 (recognizing that "Section 1654 does not itself confer any right to 'hybrid representation'"). Based upon the above timeline, there is at least a fair question as to whether Plaintiff is "seeking to straddle the line between self-representation and representation by counsel," *Antonmarchi*, 678 F. Supp. 2d at 240. Indeed, Although Plaintiff filed his initial Rule 60(b) motion in a purportedly *pro se* capacity,[2] approximately one month later, a second Rule 60(b) motion was filed by Attorney Morel ostensibly on Plaintiff's behalf. *Compare* DE 27 *with* DE 30. Therefore, based upon the present factual record, it is not entirely clear how Plaintiff intends to proceed. In any event, for purposes of this motion and based upon its previous finding that Attorney Morel's Notice of Appearance was ineffective, Plaintiff is not actively attempting to both represent himself while also seeking representation by counsel.

As to the final qualification, Plaintiff is seeking to vindicate his own rights and not the rights of a third-party or corporate entity and hence this factor is inapplicable here. *See Iannaccone*, 142 F.3d at 558.

Based upon the foregoing, Plaintiff's motion seeking to proceed in this case *pro se* is GRANTED. To the extent Plaintiff, at this juncture, seeks to engage successor counsel to represent him (including Attorney Morel), he is at liberty to do so. However, in light of the

---

[2] As of the date Plaintiff initially filed his Rule 60(b) motion (April 18, 2017), he could not have been representing himself since Attorney LaCome was still Plaintiff's attorney of record having not yet sought leave to withdraw or otherwise having been discharged by the Court. *See* Local Civil Rule 1.4. Therefore, Plaintiff's "*pro se*" filing is of questionable effect.

6

murky factual record in this case and in an abundance of caution, any successor counsel, in addition to the requisite Notice of Appearance, must also file an affidavit signed by Plaintiff to the effect that Plaintiff no longer seeks to proceed *pro se* but instead prefers counsel to represent him in this action.  In addition, because it is unclear how Plaintiff intends to proceed, the pending motions seeking post-judgment relief [DE 27, 30] are hereby DENIED, without prejudice and with leave to refile when the underlying issues concerning Plaintiff's representation (*i.e.*, whether *pro se* or otherwise) are adequately addressed but in no event later than January 10, 2018 or Plaintiff's motions shall be deemed to be withdrawn.  Moreover, since the Court has granted Plaintiff's motion seeking to proceed *pro se*, the motion seeking that Attorney LaCome be terminated from the docket is hereby DENIED as moot.[3]

## IV.  CONCLUSION

Based upon the foregoing:  (1) Plaintiff's motion to proceed *pro se* [DE 26] is GRANTED; (2) Plaintiff's motions seeking relief under Fed. R. Civ. P. 60(b) [DE 27, 30] are DENIED, without prejudice and with leave to refile in accordance with the directives contained in this Memorandum and Order; (3) Plaintiff's motion seeking to terminate Attorney Joseph LaCome as counsel of record for Plaintiff [DE 34] is DENIED as moot; and (4) The Clerk's Office is directed to terminate Attorney Morel's Notice of Appearance from the docket in this matter.

Defendants' counsel is directed to serve a copy of this Memorandum and Order upon the *pro se* Plaintiff forthwith and to file proof of such service on ECF promptly.

---

[3]   No prejudice will inure to Attorney LaCome since he seeks to withdraw from representation of the Plaintiff.  *See* DE 35 ("I request an order allowing me to withdraw from representing the client. . . .").

|  |  |
|---|---|
| | **SO ORDERED.** |
| Dated: Central Islip, New York<br>November 16, 2017 | |
| | /s/ Sandra J. Feuerstein<br>SANDRA J. FEUERSTEIN<br>U.S. District Judge |